UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYLER TULL,

       Plaintiff,

       v.

KENNETH WECKMAN, et al.,

       Defendant.

No. 2:24-cv-01729-DAD-SCR

ORDER GRANTING DEFENDANT'S *EX PARTE* MOTION FOR EXTENSION OF TIME

(Doc. No. 29)

On May 1, 2026, counsel for defendant Kenneth Weckman filed a motion to extend the dispositive motions deadline set by the scheduling order in this case from May 1, 2026 to May 7, 2026. (Doc. No. 29.) Specifically, in that motion defendant's counsel contends that additional time is required for the filing of defendant's motion for summary judgment because the transcript of plaintiff's March 20, 2026 deposition was unexpectedly not produced by the court reporter until April 29, 2026, which did not leave sufficient time to complete defendant's statement of undisputed facts and meet and confer with plaintiff's counsel prior to the filing of defendant's motion for summary judgment. (Doc. No. 29 at 1.)

On May 3, 2026, plaintiff's counsel filed an opposition to defendant's motion. (Doc. No. 30.) Therein, plaintiff argues that the court should deny the requested extension because defendant has not shown good cause for it generally and has also not shown good cause as

1

required by Federal Rule of Civil Procedure 16(b)(4).[1]  (*Id.* at 2–3.)  Plaintiff also argues that defendant should have requested the extension earlier because it became apparent prior to the May 1, 2026 dispositive motion filing deadline that an extension was needed to allow defendant to file a motion for summary judgment.  (*Id.*)

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (finding that a belated motion to amend is governed by Rule 16 and not Rule 15(a)).  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id.*  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609*); see In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (noting that "a court may take into account any prejudice to the party opposing modification of the scheduling order," but reiterating under *Johnson* "the focus" of the Rule 16(b) analysis is the moving party's reasons for seeking modification).

The court issued a scheduling order in this case on June 9, 2025, setting the last day to file dispositive motions as April 17, 2026.  (Doc. No. 19.)  Between December 15, 2026 and March 12, 2026, the court modified the scheduling order three times pursuant to the parties' various stipulations and extended the fact and expert discovery deadlines such that the deadline to

---

[1] The court notes that defendant's motion requests *ex parte* relief but plaintiff has not objected on the basis that *ex parte* relief is inappropriate.  (Doc. Nos. 29, 30.)  Had plaintiff objected to the *ex parte* nature of defendant's request, the would have found *ex parte* relief to be proper.  "In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Jenkins v. City of Los Angeles*, No. 2:24-cv-01056-MWC-AJR, 2025 WL 2019789, at *1 (C.D. Cal. Jan. 6, 2025).  Here, defendant requests a six-day extension to file his motion for summary judgement, and the deadline, which has now passed, did not allow for the motion to be heard according to regular notice procedures.  To the extent defendant could have moved for an extension sooner, the court would have found this to be excusable, in part because it appears that defendant's counsel waited to file the request until she completed meet and confer efforts with plaintiff's counsel regarding her request for an extension.

2

complete discovery in this case was moved to April 3, 2026.  (Doc. Nos. 20, 21, 22, 23, 24, 25.)  On April 20, 2026, the court yet again modified the scheduling order pursuant to another stipulation of the parties and extended the deadline for the filing of all motions, except for motions for continuances, temporary restraining orders, or other emergency applications, to May 1, 2026.  (Doc. Nos. 27, 28.)  The parties did state in that stipulation that the extension would allow time for the reporters to complete the relevant deposition transcripts and for the parties' to meet and confer regarding defendants' anticipated motion for summary judgement.  (Doc. No. 27 at 1–3.)  Defendant believed plaintiff's deposition transcript would be received by April 20, 2026, because on the date of plaintiff's March 20, 2026, deposition, defendant's counsel was informed by the reporter that the transcript would be "ready in the 'usual' 30 days, if not sooner." (Doc. No. 29 at 4.)  On April 22, 2026, when the transcript still had not been received, defendant's counsel called the reporting company and was informed that the transcript of plaintiff's deposition would be "done soon."  (*Id.*)  Nonetheless, the transcript of plaintiff's deposition was not provided to counsel until April 29, 2026.  (*Id.*)  Defendant's counsel emailed plaintiff's counsel twice on April 30, 2026, asking if he would stipulate to a six-day extension of the motions filing deadline.  (*Id.*)  Plaintiff's counsel responded on May 1, 2026, stating he would not stipulate.  (*Id.*)

Based on the foregoing the court finds that defendant's counsel acted diligently by inquiring with the deposition reporter regarding the status of the necessary transcript and requesting a stipulated extension of time from plaintiff's counsel once defendant's counsel realized she would be unable to complete the statement of undisputed facts and meet and confer with plaintiff's counsel before that deadline had expired.  The delay is largely attributable to the late receipt of the deposition transcript.  *Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, No. 19-cv-00062-JCC, 2019 WL 6894673, at *2 (W.D. Wash. Dec. 18, 2019) (finding that the plaintiff was diligent in filing the pending motion for leave to amend its complaint and that any delay was primarily attributable to the defendant's slow discovery responses).  Moreover, plaintiff has not asserted that he will experience any prejudice if the requested extension of time is granted.

/////

Accordingly, defendant's *ex parte* motion to extend time (Doc. No. 29) is GRANTED and the deadline to file all motions, except for motions for continuances, temporary restraining orders, or other emergency applications, is extended from May 1, 2026, to May 11, 2026.[2]

IT IS SO ORDERED.

Dated:    **May 5, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] Over the last five months the parties have filed five stipulations and proposed orders modifying the scheduling order in this case by incremental lengths of time, followed by this motion to extend the motions filing deadline by 6 days in light of a tardy, but necessary, deposition transcript. Two observations are appropriate. First, this court is over-burdened with one of the largest caseloads in the country on a per judge basis and does not have time for litigation conducted in this manner. Second, scheduling orders are important and the dates set forth therein are never as far off as they seem when set. Counsel are well advised to conduct discovery early enough in the litigation so as to not find themselves in a situation such as that which developed here.